IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM HOWER MELENDEZ,

    Plaintiff,

vs.                                      Case No. 4:13cv597-WS/CAS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

    _____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 18.  The amended complaint has been reviewed as required by 28 U.S.C. § 1915A and to determine whether Plaintiff complied with the prior Order directing the amended complaint.  See doc. 9.  Plaintiff did not previously answer any of the questions concerning his previous lawsuits in Section IV of the complaint form.  Plaintiff was required to answer those questions and he was required to state whether or not he had previously filed civil rights cases in the United States District Court for the Middle District of Florida while housed at the Pasco County Jail.  Id.

Plaintiff's amended complaint now discloses that he previously filed a case against the Pasco County Sheriff in the Middle District. Doc. 18 at 4. Plaintiff contends he does not know the name of the judge, the case number, or date of dismissal, but he identifies the filing date as in 2009 or 2010 and properly identifies his inmate number at the jail as #511599.[1]  *Id.*  Plaintiff states the case was dismissed because he could not "pay filing fee in whole case was dismissed without prejudice." *Id.* Plaintiff added that he could "resubmit when able to pay in full." *Id.* In response to Question D, had any case been dismissed as frivolous, malicious, failing to state a claim, or prior to service, Plaintiff answered yes. However, he again did not provide any identifying information about that case. Moreover, Plaintiff listed only one case. *Id.* at 5. Despite the opportunity given to Plaintiff to make full and complete disclosure about his prior cases, he has not done so.

Judicial notice is taken that Plaintiff filed eight cases in the Middle District. This Report and Recommendation need not reference each of those cases. It is enough to point out that Plaintiff William Hower Melendez, inmate #511599, filed case number 8:10cv1805 in the Middle District of Florida, Tampa Division, on August 12, 2010. That case was immediately dismissed on August 13, 2010, because the "Court's docket reflect[ed] that Plaintiff as a prisoner has suffered the dismissal of three previous civil rights complaints for failure to state a claim upon which relief may be granted." Doc. 3 of that case. The three prior cases were identified as case numbers 8:10cv466, 8:10cv467, and 8:10cv468. *Id.* The case was "dismissed without prejudice," and

---

[1] Plaintiff's current inmate number while in the custody of the Florida Department of Corrections is C06049. Doc. 18 at 1.

Case No. 4:13cv597-WS/CAS

Plaintiff's in forma pauperis motion was denied. *Id.* The Order advised Plaintiff that he "may refile his complaint in a separate case so long as it is accompanied by the Clerk's $350.00 filing fee." *Id.*

The failure to identify all of Plaintiff's prior cases is not accidental, but appears intentional. Plaintiff also failed to acknowledge having three prior cases dismissed under § 1915(e)(2)(B). Plaintiff is not entitled to be granted in forma pauperis status under 28 U.S.C. § 1915(g) unless he comes within the exception. Review of Plaintiff's allegations presented in the amended complaint, doc. 18, reveals that Plaintiff does not come within the exception of § 1915(g) because Plaintiff complains about medical problems, harassment from officers because of Plaintiff's medical passes (in October 2013), retaliation for filing grievances (also in October 2013), and the use of chemical agents and threats (in December 2013). These allegations do not demonstrate that Plaintiff is in imminent danger of serious physical injury.

Procedurally, Plaintiff was already granted forma pauperis status. Doc. 4. That Order would not have been entered had Plaintiff honestly reported his prior cases. Plaintiff was given an opportunity to make full disclosure and did not do so. That failure is deemed to be willful and in bad faith. Thus, all money already received from Plaintiff as partial filing fees should be retained by the Court as a sanction for the false contentions made by Plaintiff relative to his prior litigation history. This case should be **DISMISSED without prejudice** subject to Plaintiff submitting full payment of the filing fee at the time he initiates a new case. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that a "prisoner cannot simply pay the filing fee after being

denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.").

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the Order which granted Plaintiff in forma pauperis status, doc. 4, be **VACATED**, that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, be **DENIED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from being granted in forma pauperis status, that money already collected from Plaintiff be **RETAINED** by the Court as a sanction for Plaintiff's intentional failure to honestly disclose his prior filings, and this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) as abuse of the judicial process because Plaintiff did not truthfully disclose his prior litigation history or § 1915(e) dismissals.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**